TuRLEY, J.
delivered the opinion of the court.
The plaintiff was the owner of a lot of tobacco, which he authorized his son, David W. Hackney, to sell for him. This he did to the defendant, Jones, on the 17th January, 1842, at $3 50 per hundred. Jones drew an order for about $167, in part payment, on Moore & Broadus, payable to David W. Hackney, the agent only. This order was presented for payment to Broadus, who refused it, unless the proceeds were appropriated to the payment of a debt due his house from the said David, which he was informed could not be done, as the tobacco belonged to plaintiff, and not to the agent. The order was afterwards sold by the said David to one Wm. L. Whyte, for groceries and money, which were appropriated by the plaintiff. At the time the order was thus sold, Whyte was not informed that payment had been refused by the drawees; he again presented it, and payment was again refused, except upon the terms above specified. And this action is brought to recover from the defendant the amount of the order as a part of the purchase money of the tobacco.
The court charged the jury, “that the order was a negotiable *613 paper, and that the holder of it, before he could make Jones responsible on it, should have demanded payment of Moore & Broadus, and if they refused, should have within a reasonable time given notice to Jones, that such demand had been made, and payment refused.” There was no such proof. This question turns upon the negotiability of the order; if it were negotiable, this action cannot be maintained; and vice versa. The power to sell, authorized the agent to receive payment, and the question is whether this order is a payment under the circumstances pro tanto.
That the agent had no legal right to appropriate the proceeds of the tobacco to the payment of his own debt, is certainly true. It cannot be questioned that there was an attempt to make him do so, which he refused. The order was drawn payable to himself alone; why? he was indebted to the drawees, and this was done to prevent his negotiating, and to force him to accept his own debt in satisfaction. In this the parties overreached themselves, and cannot complain, if they have been frustrated in the attempt to force an appropriation of the plaintiff’s property to the payment of his son’s debt. The negotiability of the order is destroyed by the limitation contained in it. Paper to be negotiable must be payable in money, without limitation or condition, and to any person to whom it may come in the usual course of trade.
David W. Hackney had no power to negotiate this order by endorsement; because, it is in its terms payable to him alone, and the attempt to do so passed no right therein against the drawer to the endorsee; he could not charge the drawer by demand and notice, and having paid the consideration to the plaintiff, is entitled to look to him therefor; and of consequence the defendant is indebted to the plaintiff the amount as a part of purchase money of the tobacco, and is bound to pay it.
Judgment reversed, and case remanded.